**Martin E. Hansen**, OSB #80052
meh@francishansen.com
**Michael H. McGean**, OSB #00473
mike@francishansen.com
FRANCIS HANSEN & MARTIN LLP
1148 NW Hill Street
Bend, OR 97701
(541) 389-5010
(541) 382-7068 (fax)
Attorney for Hooker Creek Companies, LLC

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Case No. 10-30406-elp11 |
|---|---|
| REMINGTON RANCH, LLC, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| Debtor. | |
| | **Filed By Hooker Creek Companies, LLC** |

## I.    INTRODUCTION

Hooker Creek Companies, LLC moves to dismiss this matter under 11 U.S.C. § 1112(b), on the grounds that the debtor has failed to confirm a plan, is unable to effectuate a confirmed plan, and that the filing was in bad faith.  There is no possibility of a successful reorganization and no reason for the case to remain in bankruptcy.  Dismissal will best serve the interests of the parties.

## II.    POINTS AND AUTHORITIES

The Court has broad discretion whether to dismiss a Chapter 11 proceeding for cause under 11 U.S.C. § 1112(b). *In re Woodbrook Associates*, 19 F 3d 312 (7th Cir 1994).  Among the factors constituting "cause" for dismissal or conversion is the debtor's failure to confirm a plan, or to

Page 1 of 5    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
FILED BY HOOKER CREEK COMPANIES, LLC

FRANCIS HANSEN & MARTIN LLP
1148 N.W. HILL STREET BEND, OR 97701-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

effectuate a confirmed plan. 11 U.S.C. § 1112(b)(4). The statutory grounds for cause are illustrative, not exhaustive, and the court may dismiss a case for cause based upon other factors not expressly listed in section 1112. *In re Detienne Associates*, 342 BR 318, 324 (Bankr D Mont 2006). Once cause is established, the Court shall dismiss or convert the case unless unusual circumstances exist which establish that dismissal or conversion is not in the best interests of the creditors. 11 U.S.C. § 1112(b)(1). Dismissal of this case is appropriate under multiple factors.

### 1. **Debtor Has Failed to Confirm a Plan.**

A Chapter 11 case may be dismissed under 11 U.S.C. § 1112(b) where the debtor fails to confirm a plan within the time fixed by statute or court order. 11 U.S.C. § 1112(b)(4)(J).

Here, debtor has had over one year to present and confirm a plan. Debtor faced serious objections to its proposed plans, and confirmation would have been doubtful, given the current real estate market conditions that made the debtor's income projections unfeasible. At the February 25, 2011 status hearing, debtor candidly acknowledged that it could not confirm a plan without a settlement with Columbia State Bank regarding its claim, and that no such settlement was forthcoming despite lengthy negotiations. Debtor also acknowledged that it would not be able to finance a plan currently. Debtor therefore withdrew the Fourth Amended Plan two weeks before the scheduled confirmation hearing, and is not proposing an alternative plan of reorganization. Debtor's admissions and its withdrawal of the plan after over a year in bankruptcy amount to a failure to confirm a plan under Section 1112(b)(4)(J), and dismissal is warranted.

### 2. **Debtor Is Unable To Effectuate A Confirmed Plan.**

A case may also be dismissed for cause when there is an "inability to effectuate substantial consummation of a confirmed plan." 11 U.S.C. § 1112(b)(4)(M). In a single asset real estate case, when a debtor's plan cannot be confirmed, and there is no equity in the property, the best interests

Page 2 of 5    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
               FILED BY HOOKER CREEK COMPANIES, LLC

FRANCIS HANSEN & MARTIN LLP
1148 N.W. HILL STREET BEND, OR 97701-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

of the creditors warrants <u>dismissal</u> of the case.  *In re 499 W. Warren Street Associates Ltd.*, 151 B R 307, 314 (Bkrtcy N D N Y 1992).

As discussed above, debtor has conceded that it cannot confirm a plan of reorganization after over a year and four amended proposed plans.  As in the *499 W. Warren Street* case, *supra*, there is no equity, the property is fully encumbered, and there is no income from the property to support a plan.  Under these circumstances there is no way that debtor can effectuate a confirmed plan under Section 1112(b)(4)(M), and dismissal is appropriate without further delay.

### 3. <u>Debtor's Filing Was In Bad Faith</u>.

In addition to the foregoing statutory factors, "[C]ourts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition is grounds for dismissal for cause under 11 U.S.C. § 1112(b)."  *In re Marsch*, 36 F3d 825, 828 (9th Cir 1994).  "Good faith" does not depend on the debtor's subjective intent, *id.,* but on objective factors such as the debtor's financial status, its motives, and the local economic environment.  *In re Arnold*, 806 F2d 937, 939 (9th Cir 1986).  In particular, there is a lack of good faith when a petition has been filed to achieve objectives that are outside the legitimate scope of the bankruptcy laws.  *In re Marsch*, *supra*.  "The test is whether the debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis."  *Id.*

In this case, numerous factors support dismissal for cause on the grounds that this is a bad faith filing.  It is a single asset real estate case where the debtor has no equity and the property generates no income.  *See In re Detienne Associates*, *supra*.  There are no employees other than a property caretaker and a bookkeeper.  The proposed plan was based upon income projections that were patently unrealistic given the stagnant economy for real estate in Central Oregon.  The petition was filed on the eve of a foreclosure sale, and while Hooker Creek's state court foreclosure action was pending.  The debtor has acknowledged that once the debtor was unable to negotiate a

Page 3 of 5    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY HOOKER CREEK COMPANIES, LLC

FRANCIS HANSEN & MARTIN LLP
1148 N.W. HILL STREET BEND, OR 97701-1914
TEL:  (541) 389-5010  ▪  FAX:  (541) 382-7068
WWW.FRANCISHANSEN.COM

settlement with Columbia State Bank, it lost any ability to confirm a plan.  The proceedings appear to have been motivated by a desire to negotiate rather than reorganize, and to protect the principals of the debtor.  These factors support a finding of bad faith, and dismissal under section 1112(b).  *In re Stolrow's, Inc.*, 84 BR 167, 171 (9th Cir 1988).

### 4. The Case Should be Resolved By Dismissal, Not Conversion Or a Sale Under Section 363.

#### a. *Dismissal Rather Than Conversion Is In the Best Interests of the Creditors.*

Upon a finding of cause, the Court has discretion to either dismiss a case or to convert it to a Chapter 7 proceeding based on whichever alternative is in the best interests of the creditors.  11 U.S.C. § 1112(b); *In re Owens*, 552 F3d 958 (9th Cir 2009).

Dismissal rather than conversion is the only feasible alternative here for a number of reasons.  There are no liquid assets that need to be administered by a bankruptcy trustee, and no liquid assets with which to fund the administration of a Chapter 7 proceeding.  *See In re Helmers*, 361 B R 190 (Bkrtcy D Kan 2007) (dismissal rather than conversion appropriate where secured creditors are well situated to protect their rights outside bankruptcy, only one creditor would benefit from conversion, and Chapter 7 administration would only add layer of cost).  Dismissal is appropriate where state law proceedings are poised to go forward, as they are here.  *In re Mazzocone*, 183 B R 402 (Bkrtcy E D Pa 1995).  Dismissal is usually the appropriate remedy in a case where there is only a single asset in the bankruptcy estate and the case basically amounts to a dispute among secured creditors.  *See In re Brandywine Associates, Ltd.*, 85 BR 626 (Bankr M D Fla 1988) (dismissal for bad faith under section 1112 appropriate where debtor's only asset was fully-encumbered apartment complex, there was no cash flow, and debtor filed bankruptcy to avoid pending foreclosure).  Converting the case and administering it would unnecessarily consume the resources of the Court, the creditors, and the debtor.  The state court foreclosure proceedings

FRANCIS HANSEN & MARTIN LLP
1148 N.W. HILL STREET BEND, OR 97701-1914
TEL: (541) 389-5010 ▪ FAX: (541) 382-7068
WWW.FRANCISHANSEN.COM

would be a more efficient forum for resolving remaining disputes among the creditors. Based upon these factors the case should be dismissed rather than converted.

### b. A Sale Under Section 363 Is Not a Permissible Alternative.

Debtor has proposed to sell its only asset in lieu of a plan. Hooker Creek Companies LLC will set forth its objections to such a sale separately once that motion is filed. Debtor's proposal, and the extensive motions and hearings that it would involve, would consume more of the Court's and the parties' resources without advancing any legitimate purpose under Chapter 11. The interests of the creditors would appear to be better served by allowing those creditors to assert their interests in the state court proceedings. Dismissal is the more appropriate resolution.

DATED this 16th day of March 2011.

                                FRANCIS HANSEN & MARTIN LLP

                                  /s/ Martin E. Hansen
                              MARTIN E. HANSEN, OSB #80052
                                  (541) 389-5010
                              Attorneys for Hooker Creek Companies, LLC



## CERTIFICATE OF SERVICE

I Regina Paul certify as follows:

I am employed in the County of Deschutes, State of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1148 NW Hill Street, Bend, Oregon 97701, in said County and State.

I certify that on March 16, 2011, I caused to be served a full and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY HOOKER CREEK COMPANIES, LLC** to all ECF participants as indicated on the Court's Cm/ECF system as follows:

- RONALD T ADAMS     rta@bhlaw.com, tl@bhlaw.com;docketing@bhlaw.com
- CHRISTOPHER R AMBROSE     crambrose@ambroselaw.com, dmharary@ambroselaw.com;talorence@ambroselaw.com;clhill@ambroselaw.com
- KENNETH P CHILDS     kpchilds@stoel.com, cejordan@stoel.com;docketclerk@stoel.com
- TIMOTHY J CONWAY     tim.conway@tonkon.com, nancy.kennedy@tonkon.com
- SUSAN T FELSTINER     sfelstiner@cablehuston.com, kislas@cablehuston.com
- MICHAEL W FLETCHER     michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- MARTIN E HANSEN     meh@francishansen.com, kathy@francishansen.com;mike@francishansen.com;regina@francishansen.com
- HOWARD M LEVINE     hlevine@sussmanshank.com, janine@sussmanshank.com
- SHANNON R MARTINEZ     smartinez@sglaw.com, epaetsch@sglaw.com
- MICHAEL H McGEAN     mike@francishansen.com, regina@francishansen.com
- GREG A PFISTER     pfistor@att.net
- CHAD M STOKES     cstokes@cablehuston.com, swerts@cablehuston.com;dalbin@cablehuston.com;kislas@cablehuston.com;bberselli@cablehuston.com

**CERTIFICATE OF TRUE COPY AND SERVICE**

1  - US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov
2  - JOHN W WEIL    bmail@hooplaw.com, tgranados@hooplaw.com
3  - J STEPHEN WERTS    swerts@cablehuston.com, dalbin@cablehuston.com;cstokes@cablehuston.com;kislas@cablehuston.com

I further certify that on March 16, 2011, I caused to be served a full and correct copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FILED BY HOOKER CREEK COMPANIES, LLC** by causing a full, true, and correct copy thereof to be sent by mailing in a sealed envelope, addressed to the last-known office address of the party, and deposited with the United States Postal Service at Bend, Oregon.

Brian Depolo
Hart Howerton Ltd
One Union St #3
San Francisco, CA 94111

Destination Resort Group
c/o Glenn M Kotara
56875 Nest Pine Dr
Bend, OR 97707

Jack L Meligan
1800 Blankenship Rd #160
West Linn, OR 97068

Wilbur-Ellis Company
1101 N Argonne Rd #213
Spokane Valley, WA 99212-2699

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this March 16, 2011.

        /s/ Regina Paul
Regina Paul, Legal Assistant

**CERTIFICATE OF TRUE COPY AND SERVICE**



**Francis Hansen & Martin LLP**
1148 N.W. Hill Street Bend, OR 97701-1914
Tel: (541) 389-5010 ▪ Fax: (541) 382-7068
WWW.FRANCISHANSEN.COM