1  J. Stephen Werts, OSB No. 74337
   E-mail address:  swerts@cablehuston.com
2  Chad M. Stokes, OSB No. 004007
   E-mail address:  cstokes@cablehuston.com
3  R. Brent Berselli, OSB No. 092832
   E-mail address:  bberselli@cablehuston.com
4  CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
5  Suite 2000, 1001 SW Fifth Avenue
   Portland, OR  97204-1136
6  Telephone:     (503) 224-3092
   Facsimile:     (503) 224-3176
7

8       Attorneys for Debtor

9              UNITED STATES BANKRUPTCY COURT

10               FOR THE DISTRICT OF OREGON

11                  PORTLAND DIVISION

12
   In re:                                    Case No. 10-30406-elp11
13
   Remington Ranch, LLC,                     **MOTION FOR ORDER (A) APPROVING**
14                                           **BID PROCEDURES, (B) APPROVING**
                                             **FORMS OF REAL PROPERTY**
        Debtor.                              **PURCHASE AGREEMENT, SALE**
15                                           **NOTICE, AND SALE ORDER, (C)**
                                             **APPROVING SALE OF PROPERTY**
16                                           **FREE AND CLEAR OF LIENS, CLAIMS,**
                                             **AND ENCUMBRANCES, AND (D)**
17                                           **SCHEDULING A SALE HEARING**
                                             **DATE TO CONSIDER FINAL**
18                                           **APPROVAL OF SALE**
19

20

21                            **MOTION**

22
        Remington Ranch, LLC, the debtor and debtor-in-possession in this Chapter 11 case
23
   ("Debtor"), hereby moves (the "Motion") the Court for an order with respect to the proposed sale
24
   of approximately 2,080 acres of real property located in Powell Butte, Oregon, together with all
25
26 improvements thereon, (the "Property") free and clear of all liens, claims, and encumbrances (the

   Page 1 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY
                   PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE
                   AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE
                   TO CONSIDER FINAL APPROVAL OF SALE

"Sale"). Debtor seeks an order (A) approving bidding procedures (the "Bidding Procedures") for the Sale, (B) approving the proposed forms of Real Property Purchase Agreement, Sale Notice, and Sale Order to be used in connection with the Sale, (C) approving the manner of sale free and clear of all liens, claims, and encumbrances, and (D) scheduling a sale hearing date to consider final approval of the Sale.

This Motion is made pursuant to Section 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This Motion is based upon the following memorandum of points and authorities, the pleadings on file with the Court in the Chapter 11 case and any oral arguments presented to the Court at a hearing on the Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Debtor is a commercial and residential developer operating in Central Oregon. Debtor's Property consists of 2,080 acres of land in Powell Butte, Oregon, zoned as "Destination Resort Overlay." In order to provide the greatest possible return for all creditors of Debtor's bankruptcy estate, Debtor intends to sell the Property through a bid process and subsequent public auction. Debtor proposes an initial minimum bid of $7.5 million (the "Initial Bid Amount"). Prospective purchasers must, prior to the Auction, submit a written bid of at least $7.5 million, together with proposed forms of the Real Property Purchase Agreement and Sale Order. Prospective bidders shall also submit an executed confidentiality agreement and a sworn declaration stating that they have the financial resources to consummate the Sale. Prospective purchasers who submit the foregoing materials are referred to herein as "Qualified Bidders." Thereafter, Debtor will

Page 2 of 20   MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

entertain a competitive and open auction to determine the final sale price of the Property (the "Auction").

Prior to the Auction, Qualified Bidders will be required to present Debtor with a $100,000 cashier's check, which Debtor shall deposit into a segregated account, in order to be eligible for participation in the Auction.

Written Bids Pre-Auction:  Prospective purchasers must, prior to the Auction, submit a written bid of at least $7.5 million. Nothing in this Motion or the Bid Procedures prohibit a prospective purchaser from submitting an initial, written bid in excess of $7.5 million. If a prospective purchaser wishes to submit a written bid in excess of $7.5 million, the excess written bid must be at least $8 million (i.e. $500,000 above the Initial Bid Amount).

Live Auction Bids:  At the live Auction, prospective purchasers must submit overbids, in an amount at least $500,000 above the Initial Bid Amount of $7.5 million. After the bid amount is $8 million, prospective purchasers at the Auction must submit overbids of at least $200,000 (the $500,000 and $200,000 increments collectively referred to herein as an "Overbid"). Accordingly, assuming a written bid is received for $7.5 million, the first Overbid, at the Auction, would need to be $8 million (i.e. $7.5 million Initial Bid Amount plus $500,000). Each Overbid thereafter would need to increase by $200,000.

## II.    RELIEF REQUESTED

Pursuant to Section 363 of the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules, and the applicable Local Rules and Guidelines, Debtor seeks entry of an order substantially in the form attached hereto as Exhibit A (the "Bid Procedures Order"), which provides, in pertinent part, as follows:

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1. Authorizing and approving the Bid Procedures in connection with the receipt and consideration of competing bids for the Property following by an open Auction.

2. Authorizing and approving the form and manner of notice to all creditors of the Bid Procedures Order, Auction, and Sale Hearing ("Sale Notice"), attached hereto as Exhibit D.

3. Authorizing and approving the form of Real Property Purchase Agreement substantially in the form attached hereto as Exhibit B to be used in connection with the bid process and Sale of the Property.

4. Authorizing and approving the form of Sale Order, attached hereto as Exhibit C to be used in connection with the bid process and Sale of the Property.

5. Authorizing and approving the Sale of the Property free and clear of all liens, claims, and encumbrances.

6. Establishing the following deadlines, subject to modification as needed (which determination shall be in Debtor's sole discretion), relating to the Auction:

    (a) <u>Deadline for Submission of Written Bids:</u>  The deadline for prospective bidders to submit written bids, which are required to participate in the Auction, is 110 days after the date that this Court approves the Bid Procedures Order.

    (b) <u>Deposit Deadline for Auction:</u>  The deadline for prospective bidders to deposit the $100,000 cashier's check necessary to participate in the Auction is 110 days after the date that this Court approves the Bid Procedures Order.

    (c) <u>Auction:</u>  The Auction is to be held 120 days after the date that this Court approves the Bid Procedures Order. The Auction will be held at 10:00 a.m. PST at the United States Bankruptcy Court for the District of Oregon, 1001 SW 5th Ave., #700, Portland, OR 97204.

    (d) <u>Sale Hearing:</u>  A final hearing for approval of the Sale of the Property to the successful bidder shall be held within ten business days following the completion of the Auction.

### III.  FACTUAL BACKGROUND

1. On January 21, 2010 (the "Petition Date"), Debtor filed a voluntary petition under the Bankruptcy Code.  On May 21, 2010, Debtor filed its initial Plan of Reorganization (the

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1  "Plan") with the Bankruptcy Court.  On July 14, 2010, Debtor filed its First Amended Plan of

2  Reorganization.  On July 30, 2010, Debtor filed its Second Amended Plan of Reorganization.

3  On August 26, 2010, Debtor filed its Third Amended Plan of Reorganization.  On October 27,

4  2010, Debtor filed its Fourth Amended Plan of Reorganization (all amendments are included in

5  the term "Plan").

6       2.       Debtor is an Oregon limited liability company, which was formed in 2005 for the

7  specific purpose of developing the Property by constructing recreational facilities, including one

8  or more golf courses and a resort community, including homes and overnight residential

9  structures.

10

11      3.       Debtor's acquisition of the Property was financed, in part, with a loan from

12 Columbia River Bank, which was subsequently acquired by Columbia State Bank.  Columbia

13 State Bank is Debtor's largest secured creditor and holds a lien against the entire Property in the

14 principal amount of approximately $8 million.[1]

15      4.       Debtor initially obtained a commitment for construction financing from Bank of

16 the Cascades; however, in March 2007, Bank of the Cascades informed Debtor that it would not

17 be able to fund the construction loan.  Thereafter, Debtor pursued various alternatives for

18 construction financing, but, due to the erosion of the credit market, Debtor was unable to close

19 the necessary construction financing to complete the contemplated development on the Property.

20      5.       The construction lien asserted by Hooker Creek Companies ("HCC"), Debtor's

21 second largest secured creditor, has been declared invalid by this Court.  HCC has appealed that

22

23 decision to the United States District Court for the District of Oregon.  The status of HCC's

24

25

26

---

[1] Debtor's Plan and Disclosure Statement contemplate completing the development of Phase I of the Property and reference a "Remainder Piece," which is not scheduled to be completed in Phase I. Columbia State Bank's lien extends to Phase I and the Remainder Piece.

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1    construction lien remains in dispute, and, at present, HCC's holds a second trust deed over part

2    of the Remainder Piece and a third trust deed over part of the Remainder Piece

3         6.        Debtor is in possession of the Property and is continuing to maintain the Property

4    as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5         7.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

6    1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

7    pursuant to 28 U.S.C. § 157(b)(2).

8

9                        **IV.  PROPOSED SALE OF THE PROPERTY**

10        Debtor proposes a Sale of the Property through a competitive bidding process, with the

11   Property to be auctioned in July 2011.  Debtor contemplates that the Sale will include all of the

12   Property, free and clear of liens, claims, and encumbrances, with a hearing on the Sale to occur

13   within ten business days following the completion of the Auction.

14        **A.        Sale Provisions to be Highlighted Under the Local Guidelines.**

15        Pursuant to *Local Guidelines Regarding Motions for Sale of All or Substantially All*

16   *Assets and Sale Procedure Motions* ("Local Guidelines"), Debtor highlights the following

17

18   provisions regarding the proposed Sale:

19        (a)    Purchase Price.        To be determined at Auction, but the Initial Bid
             Amount (and minimum purchase price for the Property) is $7.5 million.
20        (b)    Sale to Insider.        It is possible, but not certain, that a group of current
             investors (which group would not include James M. Pippin) may bid at the
21           Auction.
22        (c)    Agreements with Insiders or Management.    None.
         (d)    Sale Free and Clear.    The Sale shall be free and clear of all liens, claims,
23           and encumbrances.
         (e)    Assumption, Assignment and Rejection of Executory Contracts and
24           Unexpired Leases.    Effective on the approval and entry of the Sale
             Order, all Executory Contracts and Unexpired Leases to which the Debtor
25           is currently or was on the Petition Date a party are rejected, unless
             specifically assumed herein.  However, Debtor specifically assumes the
26

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY
PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE
TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1
2
3

executory contract with Avion Water Company. Additionally, the Successful Bidder at Auction may deem it advisable to assume additional executory contracts. If this is the case, Debtor and the Successful Bidder may file with the Court an additional pleading directing which executory contracts are to be assumed as part of the Sale.

4

(f)    Releases and Insider Benefits.         None.

(g)    Competitive Auction. The Sale contemplates an open and competitive Auction after Qualified Bidders have deposited with Debtor a $100,000 cashier's check.  There are no provisions restricting Debtor's ability to solicit competing offers.  The Debtor will determine the highest and best bid in accordance with the Bid Procedures.

5
6
7

(h)    Closing, Other Deadlines and Contingencies.        Proposed    deadlines for the Bid Procedures and Sale are noted on page 4 above.  There are no known contingencies, and all due diligence investigation by prospective bidders will be completed prior to the Auction.

8
9
10

(i)    Good Faith Deposit.  Qualified Bidders will be required to submit to Debtor a $100,000 cashier's check, which Debtor shall hold in a segregated account, and which will be returned to unsuccessful bidders in accordance with the proposed Bid Procedures.

11

(j)    Interim Arrangements with Proposed Buyer.         None.

12
13
14
15
16
17
18
19

(k)    Use of Proceeds.        All net proceeds from the Auction will be subject to all liens that have attached to the Property and are duly perfected. Columbia State Bank has a duly perfected first priority deed of trust against all of the Property. The administrative expenses will not exceed $600,000 including a broker's commission of 2% on the Initial Bid. If the Property is sold at Auction for $7.5 million, Columbia State Bank shall receive $6 million in full satisfaction of Debtor's obligation, and, upon receipt of said payment, Columbia State Bank will reconvey its trust deed. The broker will receive $150,000 leaving $350,000 for the remaining Administrative expenses.  If the Auction sales price is equal to or exceeds $8 million, Columbia State Bank will receive ten percent (10%) of any bid over the Initial Bid Amount in full satisfaction of Debtor's obligation, and, upon receipt, Columbia State Bank will reconvey its deed of trust securing the note.

20

(l)    Record Retention.    N/A.

21

(m)    Sale of Avoidance Actions.   N/A.

22
23
24

(n)    Requested Findings as to Successor Liability.        The    proposed    Sale Order provides that, except as expressly set forth in the final Real Property Purchase Agreement, transfer of the Property shall not subject the purchaser or its affiliates, successors or assigns to any liability for claims against the Debtor or against the Property by reason of such transfer under federal or Oregon state law.

25

(o)    Credit Bid.        The Motion does not seek to limit the right or ability of Columbia State Bank to submit one or more credit bids under Section

26

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

363(k) of the Bankruptcy Code.  No other creditor may submit a credit
bid.

(p)    Standard for Sale Approval.  The Motion seeks approval of the proposed
Bidding Procedures and Sale pursuant to the "business judgment
standard."

(q)    Relief From Bankruptcy Rule 6004(h).    The Motion requests relief
from the 14-day stay imposed by Bankruptcy Rule 6004(h) as set forth
below.

(r)    Solicitation Process.  The Motion identifies to whom notice has been, or
will be, given and the efforts that will be made to publicize the Sale of the
Property to potential purchasers.

Any material change in connection with the proposed Sale will be brought to the attention

of the Court and all interested parties.

**B.    Proposed Bid Procedures.**

Pursuant to the Local Guidelines, Debtor highlights the following provisions regarding

the proposed Bid Procedures.

(i)    Provisions Governing Qualification of Bidders.        Provisions governing
a person's right to become a Qualified Bidder are set forth in paragraphs 1
and 3 of the Bid Procedures.  Paragraph 1 requires that a potential bidder
identify whether it is bidding for itself or others and whether the bidder is
a party to any agreement limiting the bidders at the Auction.  In addition,
potential bidders must sign a confidentiality agreement, together with a
sworn declaration stating that the potential bidder has the financial
resources to consummate the Sale of the Property. Potential purchasers
who submit the foregoing materials, together with a $100,000 cashier's
check, which Debtor shall hold in a segregated account, are "Qualified
Bidders."  Paragraph 3 dictates that Qualified Bidders submit an executed
version of the Real Property Purchaser Agreement with a proposed sale
price for the Property.

(ii)   Provisions Governing Overbids.      The deadlines for submitting an
Overbid are set forth on page 4 above.  The requirements for submitting an
Overbid, providing the $100,000 cashier's check, and other conditions are
set forth at paragraphs 4, 5, and 7 of the Bid Procedures.

(iii)  Provisions Providing Bid Protections to the "Stalking Horse" Bidder.   The
Bid Procedures do not contemplate a "Stalking Horse" Bidder.

(iv)   Due Diligence Period.        Qualified Bidders shall have until the date of
the Auction to conduct due diligence.  As part of the due diligence
process, Qualified Bidders are required to sign a confidentiality
agreement, as discussed above.  Thereafter, Debtor will permit on-site

Page 8 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY
PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE
TO CONSIDER FINAL APPROVAL OF SALE

1

2

       inspections of the Property based on prior arrangements with Debtor as well as reasonable access to professionals and such other information that the Qualified Bidder may reasonably request.

3

4

5

(v)    <u>Modification of Bidding and Auction Procedures.</u>    Pursuant to paragraph 6 of the Bid Procedures, Debtor may continue or extend any deadline or date in its discretion, in which case, all Qualified Bidders who have timely submitted Overbids will be notified by U.S. First Class Mail. Additionally, at the Auction, Debtor may announce additional procedural rules not materially inconsistent with the Bid Procedures.

6

7

(vi)    <u>Closing With Alternative Backup Bidders.</u>  Paragraph 8 of the Bid Procedures addresses the ability of the Debtor to sell the Property to the next highest or otherwise best Qualified Bidder.

8

9

10

(vii)    <u>Provisions Governing the Auction.</u>  Paragraph 6 of the Bid Procedures specifies the date, time, and place of the Auction, that notice will be provided to interested parties of any changes, and that only Qualified Bidders and their representatives are permitted to attend.  Paragraph 7 of the Bid Procedures provides that a record of bidding at the Auction will be made by the Debtor or its representatives.

11

12

## V.    LEGAL ARGUMENT

13

### A.    Section 363(b) of the Bankruptcy Code Permits the Court to Approve Reasonable Sale Procedures.

14

15

       Debtor requests that the Court approve the proposed Sale pursuant to Section 363(b) of

16

the Bankruptcy Code, as the proposed Bidding Procedures and Sale serve the best interests of

17

Debtor's bankruptcy estate.  The Bankruptcy Code provides that a debtor-in-possession, "after

18

notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

19

property of the estate." 11 U.S.C. § 363(b)(1).  Although Section 363 does not specify a standard

20

for approving bid procedures, the Ninth Circuit Bankruptcy Appellate Panel (the "BAP") has

21

established the debtor's "sound business judgment" rule as an appropriate standard.  Under this

22

rule, the "bankruptcy court has considerable discretion in deciding whether to approve or

23

24

disapprove the use of estate property by a debtor-in-possession, in the light of sound business

25

justification." *In re Walter,* 83 B.R. 14, 17 (9th Cir. BAP 1988); *see also In re North Brand*

26

*Partners, Ltd.,* 200 B.R. 653, 656 (9th Cir. BAP 1996). Furthermore, courts have made clear that

Page 9 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

the debtor's business judgment is entitled to great deference with respect to procedures to be

used in selling assets from the estate. *See, e.g., In re Frezzo,* 217 B.R. 985, 988 (Bankr. E.D. Pa.

1998) (It is within trustee or debtor-in-possession's discretion to determine whether a private sale

or public auction is appropriate).

In determining whether the debtor-in-possession has complied with the sound business

judgment rule, the Court must consider whether: (a) there has been "[a]ny improper or bad

motive," (b) the "price is fair and the negotiations or bidding has occurred at arm's length," and

(c) the sale followed "[a]dequate procedures, including proper exposure to the market and

accurate and reasonable notice to all parties in interest." *In re Castre,* 312 B.R. 426, 428 (Bankr.

D. Colo. 2004).  In applying the sound business judgment rule, "the bankruptcy court should

presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and

in the honest belief that the action taken was in the best interests of the bankruptcy estate." *In re*

*Pomona Valley Med. Group, Inc.,* 476 F.3d 665, 670 (9th Cir. 2007) (considering the rule in the

context of the debtor's decision to reject a contract).

Applying Section 363, bankruptcy courts frequently have considered and approved

bidding procedures and overbid requirements in advance of a proposed sale of property of the

estate.  *See, e.g., In re Crown Corp.,* 679 F.2d 774, 775 (9th Cir. 1982) (noting that the district

court had required specified minimum overbid amounts, deposits, and the form of purchase

agreement to be used by bidders); *In re Crowthers McCall Pattern, Inc.,* 114 B.R. 877, 879

(Bankr. S.D.N.Y. 1990) (noting that the bankruptcy court had entered an order…requiring that

overbids be made in specified minimum increments with deposits).

Generally, in analyzing the proprietary of bidding procedures, a court will examine

whether the procedures allow other third parties to submit higher and better bids and whether

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

potential bidders have sufficient time to conduct their own due diligence.  *See, e.g., In re First Merchants Acceptance Corp.,* 1997 Bankr. LEXIS 1492 at * 12 (Bankr. D. Del. 1997) (court approved bidding procedures that were open to higher and better bids and provided ample time for interested bidders to conduct due diligence).  Moreover, the hallmarks of good faith in any sale procedure are the receipt of adequate value received through higher and better offer and full and accurate disclosure of the terms of the proposed sale to third parties invited to bid.  *Id.* at * 13.

Here, the proposed Sale and Bidding Procedures comport with Debtor's sound business judgment. Principally, the proposed Bidding Procedures require Qualified Bidders to submit Overbids.  In this way, the Bidding Procedures embody an arm's-length process and ensure competitive bidding over the Initial Bid Amount.  By making the price and terms of the Sale competitive, the Bidding Procedures provide proper exposure of the Property to the market. This, in turn, will maximize the sale price of the Property for the benefit of all creditors and the bankruptcy estate.  In addition, the Bidding Procedures require Qualified Bidders to make a good faith deposit and to attest that they are financially capable of consummating the Sale, thus ensuring only earnest and fiscally capable buyers bid on the Property.  Finally, the Bidding Procedures provide reasonable notice of the Sale to all parties in interest.  Debtor proposes to use an experienced marketing company to market the Property to prospective bidders over a time period which gives each prospective purchaser the ability to conduct its own due diligence.

Furthermore, the Sale will increase Debtor's liquidity and provide cash to pay its creditors. If a Sale is not conducted pursuant to Section 363, and if Debtor's Chapter 11 case is dismissed or converted to a Chapter 7, Columbia State Bank, which holds a first position lien upon the Property in the principal amount of approximately $8 million, would be in a position to

Page 11 of 20   MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

1  foreclose upon the Property. If Columbia State Bank were to foreclose upon the Property, it is

2  unlikely that any of Debtor's creditors, with the exception of Columbia State Bank, would

3  receive any payment on their claims.  In light of the foregoing, Debtor contends that the

4  proposed Sale and Bidding Procedures are the best method of maximizing the value of the

5  Property for the benefit of all interested parties.

6
7
      **B.**      **Sale of Assets Free and Clear of Liens, Claims and Encumbrances is Warranted.**

8        To facilitate the Sale, Debtor proposes that the Property be sold free and clear of any

9  liens, claims and encumbrances. Such liens, claims, and encumbrances shall be transferred, and

10  attach, to the sale proceeds. Pursuant to Bankruptcy Code Section 363(f), a debtor-in-possession

11  may sell property "free and clear of any interest in such property of an entity other than the

12
13  estate," if any one of the following conditions is satisfied:

14
    (1) Applicable nonbankruptcy law permits the sale of such property free and clear of such interests;

15      (2) Such entity consents;

16      (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

17      (4) Such interest is in bona fide dispute; or

18      (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19  11 U.S.C. § 363(f)(1) – (5).

20        For purposes of the proposed Sale of Debtor's Property, Section 363(f)(4) and (5) are the

21
22  applicable provisions that would permit the sale of the Property free and clear of all liens, claims,

23  and encumbrances.

24        *1.*      *Section 363(f)(4).*

25        The Court is specifically empowered to order a Sale of the Property free and clear of

26  HCC's construction lien. Pursuant to Section 363(f)(4), a bankruptcy court can order a sale free

Page 12 of 20  MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

and clear of liens, claims, and encumbrances where such "interest is in bona fide dispute." 11

U.S.C. § 363(f)(4). On March 31, 2010, Debtor initiated an adversary proceeding against HCC

challenging the validity of HCC's claimed construction lien over the entire Property. This Court

issued a Memorandum Opinion invalidating HCC's claimed construction lien. HCC has appealed

the Court's decision to the United States District Court for the District of Oregon. That appeal is

currently pending. At best, HCC's construction lien is in "bona fide dispute," as contemplated

under Section 363(f)(4). Therefore, this Court may properly order the Sale of Debtor's Property

free and clear of HCC's invalidated construction lien.

### 2.    *Section 363(f)(5).*

This Court may also order the Sale to be free and clear of all liens, claims, and

encumbrances, under Section 363(f)(5). In interpreting this provision, the Ninth Circuit BAP, in

*Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC),* stated that Section 363(f)(5) "refers to

a legal or equitable proceeding in which the non-debtor could be compelled to take less than the

value of the claim secured by the interest." 391 B.R. 25, 42 (9th Cir. BAP 2008); *See also In re*

*Terrace Chalet Apts.,* 159 B.R. 821, 829 (N.D. Ill. 1993) ("By its express terms, Section

363(f)(5) permits a lien extinguishment if the trustee can demonstrate the existence of another

legal mechanism by which a lien could be extinguished without full satisfaction of the secured

debt.").

The BAP, in *Clear Channel,* denied the trustee's motion to sell assets free and clear of

liens, claims, and encumbrances under Section 363(f)(5) because the Court was not convinced

the trustee had carried its burden of demonstrating that there was a mechanism whereby a junior

lien "could be compelled" to accept a money judgment. *Clear Channel,* 391 B.R. at 42.

Page 13 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

*Clear Channel* does not prohibit the Sale of the Property contemplated by this Motion.

The United States Bankruptcy Court for the Western District of Washington, which decided *In re*

*Jolan, Inc.* less than one year after the BAP issued the *Clear Channel* opinion, noted that *Clear*

*Channel* does not address "non-contractual mechanisms whereby a lienholder might get less than

full payment yet lose the lien." *In re Jolan, Inc.,* 403 B.R. 866, 869 (Bankr. W.D. Wa. 2009).

Debtor seeks to employ Oregon state foreclosure laws to effectuate the Sale free and clear of all

liens, claims, and encumbrances on the Property. As discussed below, nothing in *Clear Channel*

prohibits Debtor's proposed Sale.

In distinguishing *Clear Channel, Jolan* recognized that "there are legal and equitable

proceedings in Washington in which a junior lienholder could be compelled to accept a money

satisfaction: a senior secured party's disposition of collateral after under the default remedies

provided in part VI of Article 9, Secured Transactions, of Washington's Uniform Commercial

Code, RCW 62A.9A."[2] *Id.  See also In re Boston Generating, LLC,* 440 B.R. 302, 333 (Bankr.

S.D.N.Y. 2010) (Judicial and nonjudicial foreclosure and enforcement process available under

state law, pursuant to which second lien lenders could be compelled to accept unsecured claims

because value of property collateralizing their claims was less than amount of senior

indebtedness, qualified as legal or equitable process by which these second lien lenders could be

compelled to accept money satisfaction of their interests, and satisfied Section 363(f)(5), thereby

allowing bankruptcy court to approve sale of debtor's assets free and clear of second lien

---

[2] Revised Code of Washington ("RCW") 62A.9A-617 provides, in relevant part, as follows:

    (a)  A secured party's disposition of collateral after default:
    (1)  Transfers to a transferee for value all of the debtor's rights in the collateral;
    (2)  Discharges the security interest under which the disposition is made; and
    (3)  Discharges any subordinate security interest or other subordinate lien.

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1  lenders' interests); *In re Wrangell Seafoods,* Case No. 09-00012 (Bankr. D. Alaska. March 9,

2  2009) (Docket No. 116) (unpublished "Sale Order) ("The BAP in *Clear Channel* takes a very

3  narrow view of what can occur upon sales made pursuant to 11 U.S.C. § 363(f). I respect the

4  scholarship and reasoning displayed in the decision. However, I disagree with the BAP's

5  conclusion. I tend to take more liberal view of the statute. Alaska law permits the sale of real and

6  personal property interests by foreclosure sales. The sale is justified under § 363(f)(1) and (5)").

7
8  Oregon's statutory scheme provides similar authority in that it permits personal property

9  to be sold to bona fide purchasers at a foreclosure sale free and clear of certain liens and

10  interests.  Oregon Revised Statute ("ORS") 79.0617, which is identical to RCW 62A.9A-617,

11  provides as follows:

12  (1) A secured party's disposition of collateral after default:
   (a) Transfers to a transferee for value all of the debtor's rights in the collateral;
13  (b) Discharges the security interest under which the disposition is made; and
   (c) *Discharges any subordinate security interest or other subordinate lien.*
14

15  ORS 79.0617(1)(a) – (c) (Emphasis added).  Under Oregon law, therefore, there are legal and

16  equitable proceedings pursuant to which a junior lienholder may be compelled to accept a money

17  judgment for less than the face value of the lien, thereby allowing the Court to approve the sale

18  of a debtor's personal property free and clear of all junior liens.

19
20  As to the foreclosure of real property, such as Debtor's Property, the Oregon foreclosure

21  statutes and case law interpreting them similarly dictate that, upon a foreclosure sale, junior

22  lienholders can be compelled to accept a money judgment. Consider ORS 88.010, which

23  provides:

24  Except as otherwise provided by law, a lien upon real or personal property, other than
   that of a judgment, whether created by mortgage or otherwise, shall be foreclosed, and
25  the property adjudged to be sold to satisfy the debt secured thereby by a suit.

26

Page 15 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY
PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE
TO CONSIDER FINAL APPROVAL OF SALE

1   ORS 88.010.

2       ORS 86.770 further provides:

3       If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the
        trustee's sale forecloses and terminates the interest in the property that belongs to a
4       person that received notice of the sale under ORS 86.740 and 86.750 or to a person that
        claims an interest by, through or under the person that received notice. A person whose
5       interest the trustee's sale foreclosed and terminated may not redeem the property from the
        purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does
6       not affect the validity of the sale as to persons that were notified.

7

8   ORS 86.770(1).  Indeed, under ORS 86.770(1), "a trustee's foreclosure sale has the same effect

9   as a judicial sale on foreclosure of a mortgage. It terminates all interests in the property covered

10  by the trust deed of all persons to whom notice is given but has no effect on the interests of

11  persons to whom notice is not given." *Baggao v. Mascaro,* 77 Or.App. 627, 630 -31 (1986),

12  *citing Portland Mortg. Co. v. Creditors Protective Ass'n,* 199 Or. 432, 440 (1953) ("The

13  purchaser at the foreclosure sale, whether he be the mortgagee or a third party, is vested with the

14  rights of the mortgagee against any omitted parties in the foreclosure suit, and may proceed to

15  cut off the junior lien by suit for strict foreclosure.").

16

17      The *Jolan* Court also noted that a receiver may sell assets free and clear of liens under

18  Revised Code of Washington ("RCW") 7.60.260, with the liens then attaching to the proceeds.

19  RCW 7.60.260, which was enacted in 2004, codified the common law proposition that

20  Washington courts have broad equitable authority to authorize the sale of property free and clear

21  of liens if such an order would conserve the property and maximize its proceeds.  *See State ex*

22  *rel. W.E. Dooley & Co. v. Superior Ct.,* 128 Wash. 253 (1924).  Because "a receivership can be

23  commenced by parties having interests in less than all of a debtor's property, and the

24

25

26

Page 16 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY
                 PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE
                 AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE
                 TO CONSIDER FINAL APPROVAL OF SALE

1
2
receivership estate may be an entire business with numerous properties…the receiver may sell free and clear of even the first lienholders."[3] *In re Jolan, Inc.,* 403 B.R. at 870.

3
4
5
6
7
8
9
10
Similarly, Oregon courts have confirmed their own broad equitable powers, including the power to order sales of assets free and clear of liens. *See, e.g., Home Mortgage Co. v. Sitka Spruce Pulp & Paper Co., et al.,* 148 Or. 502 (1934) (Faced with the management of an insolvent lumber business, the Court appointed a receiver and agreed with the receiver's conclusion that a piecemeal sale of the business subject to liens and restitution rights would result in a much lower sales price than if the property were sold as a unit without the consent of the judgment lien creditor, free and clear of all liens and restriped of redemption rights).

11
12
13
14
15
16
17
Again, under Oregon common law, courts have broad equitable authority to order the sale property free and clear of all liens and other encumbrances, including first position liens. As such, this Court may order the Sale of Debtor's Property free and clear of all liens, claims, and encumbrances, including Columbia State Bank's first priority lien. If, however, Columbia State Bank consents to the sale free and clear of its lien, the Court can order the Sale as contemplated under 363(f)(2) and it is not necessary to reach this analysis.

18    //

19    //

20

21
22
23
24
25
26
[3] RCW 7.60.260 provides:

   (1) The receiver, with the court's approval after notice and a hearing, may use, sell, or lease estate property other than in the ordinary course of business…

   (2) The court may order that a general receiver's sale of estate property under subsection (1) of this section be effected free and clear of liens and of all rights of redemption, whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the property

   ....

   ….

   Upon any sale free and clear of liens authorized by this section, all security interests and other liens encumbering the property conveyed transfer and attach to the proceeds of the sale, net of reasonable expenses incurred in the disposition of the property, in the same order, priority, and validity as the liens had with respect to the property before the conveyance…

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

**C.    The Court Should Determine that the Sale is in Good Faith Pursuant to Section 363(m) of the Bankruptcy Code.**

Debtor's proposed Sale of the Property is made in good faith in accordance with Section

363(m) of the Bankruptcy Code, such that any appeal will not affect the validity of the

transaction.  Bankruptcy Code Section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  Although the Bankruptcy Code does not define "good faith," courts have

held that a "good faith purchaser," within the meaning of Section 363 of the Bankruptcy Code, is

one who buys property for value, in good faith and without notice of adverse claims.  *Jeremiah v.*

*Richardson,* 148 F.3d 17, 23 (1st Cir. 1998); *Willemain v. Kivitz,* 764 F.2d 1019, 1023 (4th Cir.

1985).

Debtor submits that the proposed Sale and Bidding Procedures constitute an arm's length

transaction entitled to the protection of Section 363(m) of the Bankruptcy Code, in that the

eventual purchaser will have, in good faith, given value for the Property.  Further, given that the

Property is to be sold free and clear of all liens, claims, and encumbrances, the eventual

purchaser will have acquired the Property with no knowledge of any adverse claims.

**D.    The Court Should Waive Any Stay Period Under Bankruptcy Rule 6004(h).**

Debtor requests a waiver of any stay of the effectiveness of its orders approving the Bid

Procedures and the Sale.  Bankruptcy Rule 6004(h) provides, "An order authorizing the use, sale,

or lease of property other than cash collateral is stayed until the expiration of 14 days after entry

of the order, unless the court orders otherwise." Debtor submits that imposition of the 14 day

Page 18 of 20    MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

1

2    stay imposed by Bankruptcy Rule 6004(h) is inconsistent with the streamlined procedures for

3    notice and approval of the proposed Sale and Bid Procedures, as contemplated by this Motion.

4    Debtor believes that ample cause exists to justify waiver of the stay imposed by Bankruptcy Rule

6004(h).

5

6    **E.    The Court Should Determine that the Sale is in Furtherance of a Plan of Reorganization or a Plan of Liquidation Pursuant to Section 1146(a) of the Bankruptcy Code.**

7

8    Debtor additionally requests that the Court find that Sale of the Property is made in

9    furtherance of either a plan of reorganization or a plan of liquidation, such that the estate will not

10   be subject to special transfer taxes.  Section 1146(a) provides that transfers made under a plan

11   that is confirmed under Section 1129 "may not be taxed under any law imposing a stamp tax or

12   similar tax." 11 U.S.C. § 1146(a).

13   Debtor intends to file either a Fifth Amended Plan of Reorganization or a Plan of

14   Liquidation.  The Sale of Debtor's Property is instrumental to confirmation under either scenario.

15   Accordingly, Debtor requests that the Court expressly find that the Sale may not be taxed under

16   any law imposing a stamp or similar tax.  *See, e.g., In re New 118th, Inc.,* 398 B.R. 791 (Bankr.

17   S.D.N.Y. 2009) (Section 1146(a) applied to a sale where title passed after plan confirmation and

18   where the sale was integral to the consummation of an anticipated liquidating plan, even though

19   contract for sale was executed and the sale was approved under Section 363 before

20   confirmation).

21

22                                    **VI.  NOTICE**

23   In accordance with Bankruptcy Rule 2002, Debtor will serve copies of this Motion and

24   all exhibits hereto as follows: (a) on the Office of the United States Trustee, (b) all persons or

25   entities required to be served pursuant to orders of this Court, (c) all parties who have requested

26

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

1  notice under Bankruptcy Rule 2002 as of the date of service, and (d) all persons or entities who

2  are believed to hold or assert a lien or security interest in the Property. Following approval of the

3  Bidding Procedures Order, Debtor will serve upon all creditors by first class mail a copy of the

4  Sale Notice, in the form attached hereto as Exhibit C, and a copy of the Bid Procedures Order,

5  attached hereto as Exhibit A.

6  Debtor submits that such notice constitutes good and sufficient notice of this Motion, the

7  competitive bidding procedures, and all proceedings to be held thereon, and that no further notice

8  need be given. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)

9
10  (Due process requires any notice to be "reasonably calculated, under all the circumstances, to

11  apprise interested parties of the pendency of the action and afford them an opportunity to present

12  their objections.").

13                                **VII.    CONCLUSION**

14
15  In light of the foregoing, Debtor respectfully requests that the Court enter an order (A)

16  approving the Bid Procedures in substantially the form proposed herein, (B) approving the

17  proposed forms of Real Property Purchase Agreement, Sale Notice, and Sale Order to be used in

18  connection with the Sale, (C) approving the manner of Sale free and clear of all liens and

19  encumbrances, (D) scheduling a hearing date to consider and finally approve the Sale, and (E)

20  for such other and further relief as is just and proper.

21  DATED this 28th day of March, 2011.

22
                                            CABLE HUSTON BENEDICT
23                                          HAAGENSEN & LLOYD LLP
                                            /s/ J. Stephen Werts
24                                          _____
                                            J. Stephen Werts, OSB No. 74337
25                                          Chad M. Stokes, OSB No. 004007
                                            R. Brent Berselli, OSB No. 092832
26                                          Of Attorneys for Debtor

MOTION FOR ORDER (A) APPROVING BID PROCEDURES, (B) APPROVING FORMS OF REAL PROPERTY PURCHASE AGREEMENT, SALE NOTICE, AND SALE ORDER, (C) APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (D) SCHEDULING A SALE HEARING DATE TO CONSIDER FINAL APPROVAL OF SALE

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176